

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  *(302) 573-6277*
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

June 22, 2006

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Judge
District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

    Re:    **United States v. Juan Melgar-Cortez**
           **Criminal Action No. 06-59-GMS**

Dear Judge Sleet:

    The defendant has agreed to change his plea pursuant to the enclosed, unexecuted, Memorandum of Plea Agreement. The Court has scheduled a Change of Plea hearing in this matter for Tuesday, July 11, 2006 at 2:00 p.m. An original, executed Memorandum of Plea Agreement will be submitted at the Change of Plea hearing.

                                Respectfully submitted,

                                COLM F. CONNOLLY
                              United States Attorney

                BY:        /s/
                              Christopher J. Burke
                              Assistant United States Attorney

Enclosure

cc:    Christopher Koyste, Esq.
       The Clerk of the Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-59-GMS |
| | ) | |
| JUAN MELGAR-CORTEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Christopher J. Burke, Assistant United States Attorney, and Christopher Koyste, Esquire, attorney for the defendant, Juan Melgar-Cortez, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a), a crime that carries a maximum penalty of two years incarceration, a $250,000 fine, or both, one year of supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment beyond a reasonable doubt: (1) the defendant is an alien; (2) the defendant was deported from the United States; (3) after deportation, the defendant was found in the United States; and (4) the defendant returned to

the United States without the permission of either the Attorney General of the United States or the Undersecretary for Border and Transportation Security, Department of Homeland Security.

    3.    The defendant knowingly, voluntarily and intelligently admits that he is a native and citizen of El Salvador, that he was deported from the United States on June 13, 2000, and subsequently on August 9, 2002, and that he re-entered the United States on September 15, 2005. The defendant further admits that prior to this re-entry into the United States, he had not received permission to re-enter from U.S. immigration authorities and that he was found in the State of Delaware on May 16, 2006.

    4.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to United States Sentencing Guideline Section 3E1.1.

    5.    The defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a).  The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  The defendant recognizes that the final determination of the defendant's sentence will be made by the Court. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, imposes a sentence greater

than what he expects or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

6. The defendant agrees to pay the special assessment of $100 at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program though which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

BY:

_____
Christopher Koyste, Esquire
Attorney for Defendant

_____
Christopher J. Burke
Assistant United States Attorney

_____
Juan Melgar-Cortez
Defendant

Dated: _____, 2006

* * *

**AND NOW** this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                                                                                   _____
The Honorable Gregory M. Sleet
United States District Judge